```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MAXIMILLIAN JONES-GUMA,

                        Plaintiff,
                                            ORDER
          -against-                         11-CV-3003 (JS)(ETB)

NASSAU COUNTY, MICHAEL SPOSATO,
SHERIFF, NASSAU COUNTY
CORRECTIONAL CENTER,

                        Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:     Maximillian Jones-Guma, Pro Se
                   #10009011
                   Nassau County Correctional Center
                   100 Carmen Avenue
                   East Meadow, New York 11554

For Defendants:    No appearances
```

SEYBERT, District Judge:

On June 22, 2011, incarcerated pro se plaintiff Maximillian Jones-Guma ("Plaintiff") filed his Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against Nassau County, Sheriff Michael Sposato, and the Nassau County Correctional Center ("NCCC") (collectively, "the Defendants"), accompanied by an application to proceed in forma pauperis. For the reasons that follow, the Court grants Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and sua sponte dismisses the Complaint. Plaintiff is granted thirty (30) days to file an Amended Complaint as set forth below.

I. The Complaint

Plaintiff's brief, handwritten Complaint submitted on the

Court's civil rights complaint form, alleges that Plaintiff "caught cellulitis 7 months" after arriving at the NCCC. (Compl. at ¶ IV.). Plaintiff claims that he began feeling pain in his left foot and leg on May 12, 2011 and filled out a "sick call sheet" so he would "be called to medical." (Id.). Plaintiff alleges that he began to complain after three days because he had not been seen by a doctor. (Id.). Plaintiff claims that an unidentified officer advised him that there "were no doctors around." (Id.). According to the Complaint, Plaintiff's "pain kept getting worse" and a few days later he was called to medical where he was seen by a nurse who took his blood pressure and body temperature. (Id.). Plaintiff alleges that the nurse advised him that he would see a doctor the next morning. A day later, Plaintiff alleges that he was seen by a doctor who "did nothing." (Id.). Plaintiff claims that his leg and ankle became "really swollen" and as a result Plaintiff was unable to walk. (Id.). According to the Complaint, Plaintiff was taken from his "dorm to medical" in a wheelchair and from there he was taken to the hospital. (Id.). Plaintiff alleges that he spent the next five days in the hospital where he was examined and had a sonogram, catscan, two MRIs, and two x-rays. Plaintiff claims he was diagnosed with cellulitis for which he received "very strong antibiotics" and pain medication. (Id. at ¶ IV.A.). Plaintiff claims that although his condition was improving, he has been taken off of the antibiotics and pain medication. (Id.). As a result,

2

Plaintiff alleges that his condition "is back completely." (Id.).

Plaintiff seeks an unspecified sum of "money compensation" for the "pain and medical neglect" and mental suffering he experienced while incarcerated at NCCC. (Id. at ¶ V.).

II. Discussion

A. In Forma Pauperis Application

Upon review of the Plaintiff's application, this Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's application to proceed in forma pauperis is granted.

B. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii). The Court is required to dismiss the action as soon as it makes such a determination. See id.

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). Moreover, at the pleadings stage of the

3

proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. Sept. 17, 2010) (citing Ashcroft v. Iqbal, __U.S.__, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __U.S.__, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citations omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. at 1955). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," courts must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

    C.   Section 1983

Section 1983 provides that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United

4

> States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured. . . . .

42 U.S.C. § 1983 (2000). To state a Section 1983 claim, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010), cert. denied sub nom Cornejo v. Monn, 131 S. Ct. 158 (2010), (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 does not create any independent substantive right; but rather is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999); see also Rosa R. v. Connelly, 889 F.2d 435, 440 (2d Cir. 1989).

In order to state a claim for relief under Section 1983, the plaintiff must allege the personal involvement of a defendant in the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (citing Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)). Accordingly, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ascroft v. Iqbal, 129 S. Ct. 1937, 1948-49, 173 L. Ed. 2d 868 (2009). Accordingly, a complaint based upon a violation under Section 1983

5

that does not allege the personal involvement of a defendant fails as a matter of law.  See, e.g., Johnson v. Barney, 360 F. App'x 199, 2010 WL 93110, at *1 (2d Cir. Jan. 12, 2010).

In addition, to prevail on a Section 1983 claim against a municipality, a plaintiff must show "an injury to a constitutionally protected right . . . that . . . was caused by a policy or custom of the municipality or by a municipal official 'responsible for establishing final policy.'"  Hartline v. Gallo, 546 F.3d 95, 103 (2d Cir. 2008) (quoting Skehan v. Village of Mamaroneck, 465 F.3d 96, 108-109 (2d Cir. 2006), overruled on other grounds by Appel v. Spiridon, 531 F.3d 138, 140 (2d Cir. 2008)); see also Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). "Local governing bodies . . . may be sued for constitutional deprivations pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels."  Monell, 436 U.S. at 690-91 (citations omitted).  To establish the existence of a municipal policy or custom, the plaintiff must allege: (1) the existence of a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by municipal officials with final decision making authority, which caused the alleged violation of plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom of which constructive knowledge and

acquiescence can be implied on the part of the policy making officials; or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to "deliberate indifference" to the rights of those who come in contact within the municipal employees. Sulehria v. City of New York, 670 F. Supp. 2d 288, 320 (S.D.N.Y. 2009). With these standards in mind, the Court considers the Plaintiff's claims.

### 1. Claims Against NCCC

NCCC is an "administrative arm" of the County of Nassau and, thus, "lacks the capacity to be sued" under Section 1983. Mendez v. Sposato, No. 10-CV-5219 (JS)(WDW), 2011 WL 976468, *3 (E.D.N.Y. Mar. 15, 2011); Hawkins v. Nassau County Correctional Facility, No. 10-CV-1808 (JFB)(AKT), 2011 WL 441798, *1 n. 1 (E.D.N.Y. Feb. 8, 2011). Accordingly, the Complaint is dismissed as against NCCC.

### 2. Claims Against Nassau County

To the extent that the Complaint purports to allege a Section 1983 claim against Nassau County based on the misconduct of its personnel, such claims are insufficiently pled. Plaintiff wholly fails to allege that any of the challenged actions were undertaken pursuant to a municipal policy, practice or custom that deprived Plaintiff of a constitutional right as is required by Monell, 436 U.S. 658 (1978) and its progeny. Accordingly, the Complaint fails to state a plausible claim against Nassau County

and is dismissed.

### 3. Claims Against Sheriff Michael Sposato

Plaintiff's claim against Defendant Sposato arises solely from his supervisory position. Indeed, the Complaint is wholly devoid of any allegations of any conduct attributable to Defendant Sposato. As detailed above, a plausible Section 1983 claim must allege the personal involvement of the defendant in the alleged constitutional deprivation. See, supra at 5-6. Similarly, a plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity must sufficiently plead that the supervisor was personally involved in the constitutional deprivation. Rivera v. Fischer, 655 F. Supp. 2d 235, 237 (W.D.N.Y. 2009); see also Warren v. Goord, 476 F. Supp. 2d 407, 413 (S.D.N.Y 2007), aff'd., 368 F. App'x 161 (2d Cir. 2010) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'") (quoting Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)). A supervisor cannot be liable for damage under Section 1983 solely by virtue of being a supervisor because there is no respondent superior liability under Section 1983. Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003).

Here, Plaintiff's Complaint does not include any factual allegations sufficient to demonstrate any personal involvement of Defendant Sposato. Accordingly, the Section 1983 claim asserted

against him is not plausible and is dismissed.

### 4. Deliberate Indifference to Medical Needs Claim

Plaintiff is granted leave to amend his Complaint to allege that a particular individual or individuals were deliberately indifferent to his serious medical needs. See, e.g. Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."); Chavis, 618 F.3d at 170 (when addressing a pro se complaint, a district court should not dismiss without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated."); see also Farmer v. Brennan, 511 U.S. 825, 834-35, 114 S. Ct. 1970, 1977-78, 128 L. Ed. 2d 811 (1994); Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996). In the amended complaint, Plaintiff must provide a statement of his claim, including the dates that he requested and/or received for medical treatment and he must identify the individual(s) who were personally involved. If plaintiff cannot identify the person(s) within the time allowed in this Order, he may designate the defendant(s) as "John/Jane Doe(s), Badge #____ (if known), employed at _(location)_ on _(date)_" in the caption and in the body of the Amended Complaint along with descriptive information.

**The Amended Complaint must be filed within thirty (30)**

**days of the entry date of this Order.** It must be titled "Amended Complaint" and bear the same docket number as this Order, No. 11-CV-3003 (JS)(ETB). If Plaintiff fails to file an Amended Complaint within the time allowed, the Complaint shall be dismissed and judgment shall enter. If Plaintiff files an Amended Complaint, it shall be reviewed pursuant to 28 U.S.C. § 1915A.

## CONCLUSION

For the reasons set forth above, the Plaintiff's application to proceed in forma pauperis is granted. The Complaint is sua sponte dismissed as to Nassau County, Sheriff Sposato and NCCC pursuant to 28 U.S.C. § 1915A(b). Plaintiff is granted leave to file an Amended Complaint as set forth in this Order **within thirty (30) days from the date that notice of entry of this Order is served upon him.** If Plaintiff fails to file an Amended Complaint within this time period, judgment shall enter.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: July __12__, 2011
Central Islip, New York