```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MAXIMILLIAN JONES-GUMA,

                    Plaintiff,           ORDER
                                         11-CV-3003(JS)(ETB)
        -against-

CORRECTIONAL OFFICER CHAPPELLE,
JHON DOE, JANE DOE,

                    Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:      Maximillian Jones-Guma, Pro Se
                    #10009011
                    Nassau County Correctional Center
                    100 Carman Avenue
                    East Meadow, NY 11554

For Defendants:     No Appearances
```

SEYBERT, District Judge:

On June 6, 2011 incarcerated pro se plaintiff Maximillian Jones-Guma ("Plaintiff") filed his Complaint alleging violation of his civil rights pursuant to 42 U.S.C. § 1983 accompanied by an application to proceed in forma pauperis. By Order dated July 12, 2011 (the "July Order"), this Court granted Plaintiff's application for in forma pauperis status, sua sponte dismissed the Complaint and directed Plaintiff to file an Amended Complaint against the individual Defendants whom he claims were deliberately indifferent to his serious medical needs. See Order, dated July 12, 2011 (Seybert, D.J.). In accordance with that Order, Plaintiff filed an Amended Complaint on August 3, 2011 against Correctional Officer Chappelle, Jhon [sic] Doe and Jane Doe. Plaintiff describes that defendant "Jhon [sic] Doe was working the same shift as Officer Chapelle on the week of May 13 to the 18" and was also "working [on] May 17, 2011 from 4:00 p.m. to 11:30 p.m." See Am. Compl. at ¶ III. Plaintiff describes "Jane Doe [as a] doctor at Nassau County Jail working

[on] the 15th or 16th of May 2011." (Id.).

The Clerk of the Court is directed to forward Plaintiff's summons and Complaint to the United States Marshals Service ("USMS") for service upon Correctional Officer Chappelle. However, it is not possible for the USMS to serve the other two Defendants, Jhon [sic] Doe and Jane Doe. The Second Circuit has held that district courts must provide incarcerated pro se litigants with reasonable assistance in investigating the identity of "John Doe" defendants. See Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997)(per curiam). Accordingly, the Court orders: (a) that the Clerk of the Court shall serve a copy of this Order on the Nassau County Attorney; and (b) that within (30) days of being served with this Order, the Nassau County Attorney's Office shall attempt to ascertain the full names and, if applicable, the badge numbers of the unidentified Defendants and provide that information and the address(es) where each such Defendant can be served to the Plaintiff and the Court. Once the Nassau County Attorney's Office provides this information to the Court, Plaintiff's Amended Complaint shall be deemed amended to reflect the full names of the unidentified Defendants, summonses shall be issued to those Defendants and the USMS shall serve those Defendants.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August  25 , 2011
       Central Islip, New York