FILED
CLERK

1/21/2016 11:32 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MAXIMILLIAN JONES-GUMA,

           Plaintiff,

   -against-

CORRECTIONAL OFFICER CHAPPELLE,
JOHN DOE AND JANE DOE,

           Defendants.
-------------------------------------------------------------X

**ORDER**

11-CV-3003 (JMA) (ARL)

**AZRACK, United States District Judge:**

    This action was filed in June 2011 and was previously before Judge Seybert. The last activity in the case was a letter from defendants to the *pro se* plaintiff, which was filed with the Court on October 23, 2013, advising the plaintiff to appear on November 19, 2013 for a deposition. The case was reassigned to me on January 16, 2015. On March 18, 2015, the parties were directed to file a status report by April 1, 2015. A copy of the order was mailed to plaintiff at the address listed on the docket sheet. On March 31, 2015, counsel for the defendant filed a Status Report [DE 64] citing numerous instances with exhibits, where plaintiff failed to participate in discovery. No status report was ever received from the plaintiff.

    On June 18, 2015, the Court issued an Order to Show Cause, requiring plaintiff to show cause before the Court by July 6, 2015, why the action should not be dismissed for failure to prosecute. The Order warned that a failure to respond may result in dismissal of the action for failure to prosecute. The Order was mailed to plaintiff by the Clerk of the Court at two addresses. Nothing was returned "undeliverable" from the United States Postal Service, and no response was received by plaintiff. On September 30, 2015, the Court issued an Order to Show

1

Cause, requiring plaintiff to show cause before the Court by November 15, 2015, why the action should not be dismissed for failure to prosecute. The Order warned that a failure to respond will result in dismissal of the action for failure to prosecute. The Order was mailed to plaintiff by the Clerk of the Court. Nothing was returned as "undeliverable" from the United States Postal Service. To date, Plaintiff has not filed anything with the Court.

Rule 41(b) provides, in pertinent part, "for failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed. R. Civ. P. 41(b). The district court also has the inherent power to dismiss a case sua sponte for lack of prosecution or noncompliance. Merker v. Rice, 649 F.2d 171, 173 (2d Cir. 1981). The Second Circuit considers five factors when reviewing a district court's order of dismissal for failure to prosecute, including: (1) the duration of plaintiff's failures; (2) whether plaintiff received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) whether the court struck the appropriate balance between alleviating the court calendar with protecting the plaintiff's right to due process; and (5) whether the judge adequately assessed the efficacy of lesser sanctions. Shannon v. G.E. Co., 186 F.2d 186, 193 (2d Cir. 1999). Generally, no single factor is dispositive. Id.

Here, over two years have elapsed since the Court has received any communication by *pro se* plaintiff. Plaintiff has failed to respond to the Court's two Orders to Show Cause and the Status Report Order before that. The Court has warned plaintiff that failure to respond to the Orders to Show Cause could result in the dismissal of the case. Plaintiff's failure to comply with the Court's Orders constitutes grounds for dismissal. Accordingly, plaintiff's claims are dismissed, without prejudice, for failure to prosecute and noncompliance.

The Clerk of Court is directed to close this case.

**SO ORDERED.**

Date:   January 21, 2016
        Central Islip, New York

                                                                  /s/ (JMA)
                                                        Joan M. Azrack
                                                        United States District Judge